Good morning everyone. The first case on the call of the docket is number 1, 2, 3, 4, 9, 2. Agenda number 1, people v. Abdullah. Council, are you ready? You may proceed. Good morning, Mr. Chief Justice. I am David Harris, assistant to fellow defender on behalf of the defendant, fellow Muhammad Abdullah. This appeal presents two issues, and the state has agreed that my client should obtain the relief we request regarding the second issue we raised, asking for the vacator of his 20-year firearm enhancement for attempted murder. Although the state suggests this court grant that relief for a different reason than what we argued, we collaboratively accept that relief for any reason. And I'm happy to discuss this issue if there are any questions about it. Otherwise, I will focus my time on the remaining contested issues and contested relief. This contested issue involves interpretation of Supreme Court Rule 606B, specifically a provision that creates an exception to the jurisdictional impact of a notice of appeal. Typically, the notice of appeal divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. This exception provides that when the defense files a motion to reconsider the judgment, the notice of appeal should be stricken and the trial court retains jurisdiction to hear that motion. Now, this rule applies regardless of the order in which these documents were filed, whether the notice of appeal was filed before or after the post-judgment motion. And it only applies to defense motions, not to motions from the state seeking unanimous. That's clear from the plain language of the rule that includes or describes post-trial and post-sentencing motions filed by counsel or defendant if not represented by counsel, referring to either counsel or pro se defense motions. That's actually an interpretation this court gave it just a year ago in People v. Johnson, writing that this rule applies to defendant's motions. Now, that wasn't a contested issue in Johnson. It was just a description of the procedural history of the case. That simply shows that the natural and intuitive and plain reading of the statute, even by this court's reading, is that it applies to defense motions. It's also clear that it applies to only defense motions from the history of the rule, so essentially codifying the practice that the telecourts have adopted or developed, allowing a party's post-judgment motion to serve as an implicit dismissal of its own appeal. That was seen through courts were using Civil Rule 309, which allows a party to file a motion to dismiss its own appeal in the trial court within certain time constraints, and that rule applies in criminal cases. And the telecourts have started treating post-judgment motions by the defense as implicit 309 motions to dismiss their own appeal. That practice ended with this court's decision in People v. Bounds in 1998, which stated that it noticed that the appeal transfers jurisdiction in standard regardless of, in that case, a simultaneous defense motion. And one year later, the telecourt called on this court to revisit that issue and that 309 practice. And within six months of that decision, this court adopted the exception in 606B, putting this back into place, allowing a party to dismiss its appeal via a motion. And critically, that practice in Rule 309 only applies to a party filing a motion to dismiss its own appeal. It does not allow a party to file a motion to dismiss the opposing party's appeal. That this only applies to defense motions is also seen in comparison to the language in other rules and statutes where this court refers to any party or the state and the defendant in other areas of the rule, showing that this court knows how to include the state when it wishes, including a civil rule cited in the briefs, 303A, that refers to when a timely post-judgment motion has been filed by any party. That wasn't done here in 606B. Also, it's seen in relation to how this works within the context of post-judgment and appellate procedures, including with a detail in the briefs about the rules and the statutes where the state doesn't have a right to appeal the sentence and the Code of Criminal Procedure defines post-trial motions used in this rule as defense motions only and only describes post-sentencing motions as defense motions to reduce the sentence. And beyond those statutes and rules discussed in the brief, there's also the interplay between Rule 606B and Rule 605 post-judgment admonishments. Now, under Rule 605, courts are required to inform defendants of their appellate rights. And 605A, specifically following a trial, requires courts to inform defendants that if they wish to appeal, they must file a notice of appeal within 30 days of the judgment. If they wish to appeal the sentence, they must first file in the trial court a motion to reconsider the sentence or to consider any claim of error in the sentencing hearing. And then they have to file a notice of appeal within 30 days of the resolution of that defense motion. The rule does not inform them, and courts are not required to inform them, that if the state files a motion to reconsider the sentence, they then have to file a notice of appeal within 30 days of that state's motion. So the interplay between Rule 605 admonishments and 606B shows that this notice of appeal, this jurisdiction exception, only applies to defense motions. Not only that, if this court were to rule in the state's favor and interpret it, 606B, to include state's motions as officiating notice of appeal, that would render 605 admonishments inaccurate, and the rule would need to be amended. So interpreting this the way the state requests is not as simple as just issuing a decision. In this case, it would require or trigger the need to amend a now inaccurate Rule 605 governing post-judgment admonishments. There are other practical concerns that would arise if the state's motion invalidates a notice of appeal. Often, a defense attorney withdraws at the time of a notice of appeal. The defendant is sentenced to the Department of Corrections, is sent somewhere across the state, and is left uncounseled and perhaps unaware of ongoing proceedings. Now, for indigent clients, my office might be in line to receive an appointment, but it can take weeks for us to be aware of this, especially in Cook County, where the bulk of criminal cases we don't receive an appointment for weeks, or often we just get a notice of appeal and have to draft an order seeking our own appointment and submit it to the court and wait for that. So we're not in any position to act on this. Even if we are appointed, we're not aware of ongoing trial court proceedings until we receive transcripts months later. And even if we were aware, our authorizing statute doesn't authorize us to represent on a motion to reconsider in the trial court. Counsel, if we agree with you on that issue, that means the trial court didn't have jurisdiction, right, to modify the sentence at all? Correct. All right. And you're asking us that we reinstate the original 40- and 20-year sentences that run concurrently, right? Yes. That was the only order entered with jurisdiction. Is there anything in the law that would prevent this court from exercising its supervisory authority to remand for resentencing, or would we have to wait for a mandamus petition regarding consecutive sentences? I think this court's supervisory authority is essentially unfettered. It's up to this court to use it in the best interest of justice. Resentencing, I mean, as you see with the state's request for supervisory authority regarding the second issue, it's, again, to serve the interest of justice. And if the normal appellate process won't adequately serve it, I think there is an appellate process for the state, or at least there's a process for the state to seek consecutive terms, and that's mandamus. But this court could certainly exercise supervisory authority and make these consecutive totaling what the trial court thought was appropriate. At the first sentencing hearing, the court repeatedly said 40 years is the appropriate sentence. They thought my client should have a chance at release while he's still alive and indicated 40 years was the correct sentence. So you're saying we could do it on our own or send it back? Yes, I believe so. Okay. And that gets to another point, that the state is asking to disregard the language, the history, the comparison to these other rules, create various practical concerns, including even to Amendment 605, where the authority already exists of mandamus. And that exists even before my client's offense in Waller v. McCloskey in 2001. This court granted mandamus to direct the trial court to impose consecutive sentences that were mandatory for the court to impose concurrently. Is there any significance to the fact the state's motion was pending at the time the defendant filed the notice of appeal? No, because under the rule, the explicit language of the rule is that it applies regardless of whether the notice of appeal was filed before or after the post-judgment motion. So the timing is irrelevant. What matters is whether the state's motion triggers this provision to strike the notice of appeal. So is it your position there are no circumstances under which it's appropriate or allowed for the state to file a post-trial motion? Well, I think there's no situation where there's any positive authorization for such a motion. Now, if they want to point out an error to the court and the court considers a bond date corrected or corrected at the state's request while it has jurisdiction, it is a separate issue. What matters is whether that filing has a jurisdictional impact. And under the rules, the notice of appeal is the only step needed to confer jurisdiction on the public court and remove it from the trial court. And the only exception is a defense motion, a motion filed by counsel or the defendant if not represented by counsel. And that's a post-trial and post-sentencing motions. And as I've described in the briefs and here today, those are defined by the legislature as defense motions. So in one sense, the state can write a title of whatever type of motion it wants and hand it to the clerk. But the question is, does that have a jurisdictional impact? And here, it does not. So to some, the only remedy is mandamus. From the moment the trial court enters judgment on the verdict by sentence, the only remedy the state has is mandamus. Yes. And this court said that in the case report that mandamus exists as a remedy for a court to comply with mandatory sentencing laws. And so here, the state at sentencing asked for consecutive sentences twice, and the court rejected it twice disregarding that mandatory nature. And mandamus was available. The state could have done it the next day. So the state could also ask the court to reconsider, and the court can to a sponte correct. If there's a void judgment, the court can to a sponte correct it. But the court, even for a void judgment, needs jurisdiction to correct it. And once the defendant filed a notice of appeal, the circuit court lost jurisdiction, and that was well before resentencing in this case. So no new sentencing order should have taken place. Are you arguing that Castleberry stands for the proposition that the only ñ that mandamus is the only remedy, that that was the holding of Castleberry? Well, again, a court with jurisdiction, if the court had jurisdiction, it could correct it, although it could not increase the sentence after Castleberry because those would no longer be void under ARNA, and the trial court can't increase the sentence once it's imposed. But as discussed, supervisor authority in ñ if this court sees it's the best way to serve justice, might be also an available remedy. But this court has said Mulder v. Mikoski did it for consecutive sentences. Castleberry reiterated that this is the appropriate remedy, and it's the available remedy for the state to correct. And it could be corrected by, again, refashioning these sentences to total 40 years, as the court originally intended, and still be consecutive. The court could have done that, and there would have been no problems at all with that initial sentence. No firearms should have actually been given because they weren't charged or submitted to the jury. And regarding the attempt murder, again, as we've argued, they were void because it was an unconstitutional avoid at the time of this offense. So that ñ I mean, if this court's looking to exercise supervisory authority to serve the interests of justice and settle all of the sentencing issues in this case, it could fashion a 40-year sentence that includes consecutive terms because that's easily reachable within the range of murder and attempt murder with minimums of 20 and 6 years, 34 and 6 years, but settle it, and that would reach the desired goal of the trial judge of sentencing him to 40 years, which would allow for his release around age 65, I believe. So if there are no further questions on either of these issues, I would ask this court to hold that 606B's exception only applies to defense motions, defense post-trial and post-sentencing motions, and therefore that the subsequent sentencing orders in my client's case were void for a lack of jurisdiction and reinstate the original sentencing order of 40 and 20 concurrent or reach that exact same 40-year goal through this court's supervisory authority. Thank you. Thank you. Good morning. May it please the court. My name is Jane Notes. I'm the Illinois Solicitor General on behalf of the people. There are two issues presented by this appeal. As to the first issue, we request that this court affirm the appellate court's determination that the trial court had jurisdiction in this case. to entertain the people's motion to correct what defendant does not dispute was an unlawful sentence, notwithstanding the fact that while the people's motion was pending, the defendant filed a notice of appeal. As to the second issue, we agree with the defendant that the firearm enhancement should not have been applied to his sentence or attempted first-degree murder. We suggest that under the special circumstances presented by this case, it would be appropriate for the court to use its supervisory authority to remove that enhancement from the defendant's sentence. Now, beginning with the first issue, the defendant has argued that the people lacked authority to file the motion to correct the sentence because there's no such express authority to file this type of motion in any statute or rule. But no express authority was necessary. In People v. Marker, for example, this court did not doubt that the people had authority to file a motion to reconsider an order suppressing evidence, notwithstanding the fact that there is no express authority for such a motion. The court reasoned that trial courts have the inherent ability to correct their own orders, and in addition that public policy favors allowing trial courts to correct their orders in the first instance and thus obviate the need for unnecessary appellate review. The same reasoning applies here. Now, next, the defendant argues that even if the people had authority to file the motion to correct the sentence, the trial court lacked jurisdiction to entertain that motion because the defendant filed a notice of appeal while the motion was still pending. But this is an incorrect reading of Illinois Supreme Court Rule 606B. The defendant's view is that 606B applies only to defense motions, but that conflicts with the plain language of the rule and also with the public policy recognized by this court in Marker of allowing trial courts to correct their errors in the first instance. I'll begin with the plain language of the rule. The first sentence of the rule creates a tolling provision. It provides that a notice of appeal is timely if it is filed within 30 days of the resolution of any timely post-judgment motion. It does not distinguish between motions filed by the prosecution and motions filed by the defense. Then in the second sentence of the rule, that sentence provides that if a notice of appeal is filed while a timely post-judgment motion is pending, that notice shall have no effect and should be stricken by the trial court. Again, like the first sentence, the second sentence does not distinguish between motions filed by the prosecution and motions filed by the defense. Instead, it refers to motions filed by counsel, and the ordinary meaning of counsel includes both the attorneys for the prosecution and the attorneys for the defense. And you can see this elsewhere in the rules, where the rules use the word counsel to refer to the attorneys for the prosecution and the attorneys for the defense. I'll point to just a few examples. For example, in Rule 608, the rules describe the contents of the Record on Appeal, and they specify that the Record on Appeal should include, among other things, the report of the proceedings, including closing argument of counsel, and the transcripts of proceedings at sentencing, including arguments of counsel. There's no reasonable version of Rule 608 to suggest that the closing arguments of only the defense counsel should be included in the Record on Appeal. Rule 608 is using the word, according to its ordinary meaning, to refer to the arguments by both sides. The same is true of Rule 610 and also Rule 361, which is incorporated in 610 by reference. Those rules describe the contents of a motion to extend time in the reviewing court, and they specify the following. They say that any motion for extension of time must be supported by an affidavit or certification showing the date on which counsel was engaged or appointed to prosecute the appeal. They say that the motion should include a statement that counsel has conferred with opposing counsel, and opposing counsel has no objection to the motion. And they state that the motion should include a proposed order that is served upon all counsel of Record. So, again, these rules use counsel repeatedly to refer to the attorneys for the prosecution as well as the attorneys for the defense. These are just a couple of examples. Other examples, and this is not an exhaustive list, are found in Rule 351, Rule 415G2, and Rule 415B. So, in short, the defendants view that counsel in Rule 606B refers only to counsel for the defense is inconsistent with the plain language of the rule. But even if we were wrong with our plain language argument, which we don't think we are, at worst that would mean that the rule is ambiguous. And if this court were to find the rule is ambiguous, the court should interpret the rule consistent with the public policy of allowing trial courts to correct their errors in the first instance and avoid unnecessary appellate review. If this court were to adopt the defendant's version of the rule, what it would mean, and there was some discussion about this before, is that every time the people wish to correct what is indisputably an unlawful sentence, they would need to do so via a mandamus petition to this court, or they would need to do so on remand after the initial direct appeal, which could perhaps prompt a second appeal. And that was the appellate court's reasoning in this case. So either because this result is dictated by the plain wording of the rule or by public policy, this court should find that Rule 606B applies to motions by the prosecution as well as motions by the defense. Now, in an effort to avoid this result, the defendant speculates about the history of the rule. And he described the theory this morning. The theory is that the rule was adopted in order to revive a prior practice that existed in some courts of treating a post-judgment motion filed by the defendant after a notice of appeal as essentially an implicit request to withdraw the notice of appeal. The problem with this argument is that there's no authority for it. The defendant hasn't cited any, and we haven't been able to find any ourselves. Certainly there's nothing supporting it in the committee comments that accompany the rule, nor is there anything in the case law interpreting the rule. So for all these reasons as to the first issue, we request that this court affirm the appellate court's judgment and hold that the trial court had jurisdiction to grant the people's motion to correct the unlawful sentence. If we agreed with your analysis, would there be any concern that it could be used strategically by the state to deny the defendant his right of appeal? I don't think that's a valid concern, and basically for two reasons. First of all, if this court holds consistent with the appellate court's decision below that the people can file a timely post-judgment motion to correct a conceivably unlawful sentence and further that that motion has the effect of tolling the time to file a notice of appeal under 606B, that would send a message to the defense bar that they should simply wait 30 days before they withdraw. There's no need for them to withdraw before that 30-day time period to file the motion expires. And then as a backstop, and I don't think this would be necessary, but Rule 606 of course allows a trial court to extend the time to file a notice of appeal in extraordinary circumstances such as when a defendant lacks culpable negligence in failing to file on time. So I think the concerns about prosecutorial manipulation, which assume bad faith by prosecutors, are misplaced and readily addressed. What about the point that was made by the defendant that the defendant could find himself without counsel by the time the state filed a post-judgment motion? Yes, so I think that would be addressed simply by defense counsel waiting 30 days in which to withdraw to see if the state is going to file a post-judgment motion to correct the sentence. Rule 606B is clear that it applies only to timely post-judgment motions, and this court held in marker that a post-judgment motion is timely if filed within 30 days. So I think that as long as defense counsel simply waited 30 days in which to withdraw, there would be no problem of lack of notice. And would we have to mandate by rule that he had to wait the 30 days? I don't think so because this court has held in other cases that its decisions serve as interpretations and guidance regarding its rule. So certainly while a rule change could be done, it seems unnecessary to me that the court's decision would accomplish that result. Other than a motion to correct a sentencing error, are there any other circumstances in which the state can file a post-judgment motion in a guilty finding? Standing here, I can't think of any. It does seem to be a relatively unique circumstance. I know that Rule 604, I believe, sets forth the issues from which a state can appeal. I have to look at the book. So yes, Rule 604A sets forth a number of circumstances in which the state can appeal. And I would suggest that in any of the circumstances in which the state could bring an appeal, there would be an entitlement to a post-judgment motion if it were not an interlocutory appeal. And then I think that in these particular circumstances, because we know under People v. Castleberry that there is a right to bring a mandamus action seeking to correct a sentence, that it would be appropriate for the state to file a post-judgment motion seeking to correct the sentence because it serves the purpose of avoiding that unnecessary appellate review. I think one of the concerns we have about the defendant's position is that if the state can't move to correct an unlawful sentence, this court is going to face an influx of mandamus petitions asking the court to correct sentences under circumstances where the error could readily be addressed by the trial court in the first instance. So if there are no more questions on the first issue, I'll move on to the second issue, which relates to the firearm enhancement. Again, we agree with the defendant that the enhancement should not have been applied to his sentence for attempted first-degree murder. At the time he committed these offenses, this court's decision in People v. Morgan, which had declared that particular enhancement to be unconstitutional, was controlling law. And what that means is that to apply the enhancement to the defendant's sentence would violate ex post facto principles. That does not mean, however, that the sentence is void. In People v. Castleberry, this court held that a sentence is void only if the trial court lacked jurisdiction to sentence the defendant. There's no argument here, nor could there be, that the trial court lacked jurisdiction to sentence this defendant. So that means that the sentence isn't void, it's merely voidable. And so therefore, the defendant had to timely bring his ex post facto challenge to the sentence. The defendant failed to do so, and as a result, he has forfeited his ex post facto challenge. That said, we do agree that under the unique circumstances presented by this case, it would be appropriate in the interest of justice for this court to use its supervisory authority and remove the firearm enhancement from the defendant's attempted first degree murder sentence. If there are no further questions, we respectfully request that the judgment of the appellate court be affirmed, with the exception that the court Just before you leave, same question that I asked opposing counsel. Are you requesting a supervisory order to send her back to the trial court for resentencing? No, our request for relief is that the appellate court's judgment affirming the trial court's sentence be affirmed, with the exception that the firearm enhancement that was used to enhance the attempted first degree murder sentence be removed. Seeing no other questions, thank you. Reply. So now it appears we do need not just amendment to 605, but another rule commanding that trial counsel is not permitted to withdraw for 30 days following the judgment. The state discussed other rules with this party. This court talks generally about all the parties filing, but as I've also pointed out in the brief, elsewhere in rule 606 and in 604E, this court refers to the defendant and the state. In rule 303A, it refers to post-judgment motions filed by any party. So perhaps there's some inconsistency in how the language is used, but that simply shows we look to these other tools of interpretation. Also the plain language, as I've discussed, where the phrase is counsel and defendant represented, if not represented by counsel, referring to the defendant's motions. But also the history of its adoption, how it fits with the appellate procedures, and the practical concerns interpreting this in the state's favor will raise. The state also talked about efficiency in having these. Yes, when you're talking about beyond plain language, your opponent made many policy arguments. Could you address those? The issue about when it becomes clear within 30 days of error, giving the court an opportunity to correct those errors versus the quite complicated procedure of mandamus. Yes. Should we factor those things in? And if we do, how does that play out? Well, efficiency, first of all, is not necessarily the paramount concern of the law. We also need clear jurisdictional rules that all parties can follow to understand what orders are valid or not. But also it doesn't necessarily make things more efficient because it just shifts the use of extrajudicial resources to later in the proceedings. Because, as I've discussed, if this is dealt with earlier, the defendant might not be aware of the need to file a new notice of appeal and then might need to seek this court's relief from this court to reinstate an appeal that was missed. And even in this case, the trial court suggested to the defense that it might not be able to wait to file a notice of appeal because it might forfeit the defendant's right to appeal. And so heeding counsel's warning, the defendant filed a notice of appeal. So it might reduce, allowing the state's motion to keep jurisdiction in the trial court in the face of a notice of appeal might reduce the number of mandamus petitions but increase the number of petitions seeking supervisory authority to reinstate an appeal that was missed by a defendant who was unaware of these proceedings or the need to file a new notice of appeal. And the state talked about this court's decision in marker, talking about the efficiency of having decisions reviewed by the trial court. But marker discussed specifically when the party is entitled to appeal, it should be permitted to keep proceedings in the trial court and to hold the time for filing a notice of appeal to have it heard. That relates to the state's ability to appeal certain interlocutory orders. The state is not allowed to appeal assent. So they're not the party entitled to appeal, so they don't have the right or the need to be able to keep jurisdiction in the trial court. It's not up to them. This is a defendant-driven process after judgment of whether to file a motion for a new trial, whether to file a post-sentencing motion, whether to appeal and to do so within the time limits instructed by the court. And this also, this court doesn't need to necessarily decide whether the state can file or has authority to file this type of motion because the question isn't about whether they can file it. It's about whether it has any jurisdictional impact. And if they can file it even though there's no authorization, that doesn't necessarily mean it invalidates the notice of appeal. The appellate court has said this in cases cited in the briefs that unauthorized motions don't have a jurisdictional impact. In an appellate court case, People v. Easley, they had said that because there's no provision authorizing, in that case the success of the post-judgment motion, I think it was a motion to reconsider, a motion to reconsider, because there's no provision authorizing it, that had no jurisdictional impact. So here there's no provision and the state agreed there's no provision authorizing it. They just say, well, because it's not forbidden, we can file it. And that doesn't answer the question of whether there's a jurisdictional impact. Can I ask you another question? Yes. You talked about the practical difficulties of when your office would be notified, that a notice of appeal has been filed, and then there's a post-trial motion and some uncertainty on that level. What would be the procedure once the state appellate defender is appointed to represent a defendant on appeal? If the state were to file mandamus, would the state appellate defender be prepared to defend that mandamus immediately? If we're notified of it, if it's served on us, or if we're appointed for it. I'm not sure. I know we have represented on mandamus in the past. I don't know if we need this court's approval and appointment or if it's authorized by statute, but we have represented defendants on mandamus in the past. But you would suggest there's a question of whether or not the state appellate defender would be able to defend against a mandamus action. Well, it's a question I don't know the answer to, whether we're automatically appointed, whether we seek this court's appointment, or whether the public defender is appointed. But I don't think mandamus ruling against a defendant would be done without counsel, or at least I hope not. So it's a known at this point. Sure. Yes. And I would lastly just like to point out, again, that Rule 605 admonishments are only accurate if 606B's exception to jurisdiction applies to defense motions. That's how these rules work. They are admonished to file a notice of appeal only after defense motions, not after state's motions. The state's interpretation makes it inaccurate. And looking at the first sentence of Rule 606B regarding the tolling provision, described in the brief, some marker involved the tolling provision, and that applies to state because there are circumstances when the state can appeal. And then it's best for the party entitled to appeal to be able to toll the time for filing a notice of appeal while it seeks reconsideration. They simply aren't allowed to appeal sentencing orders. So that first sentence, the tolling provision, isn't relevant here. What's relevant is that this was not a motion filed by counsel or defendants. It's not represented by counsel. Thank you. Thank you. Case number 123492, People v. Abdulla, will be taken under advisement as agenda number one. Mr. Harris, Mr. Knowles, we thank you for your arguments today. You are excused.